15 F.3d 1094
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff-Appellee,
v.
REAL PROPERTY LOCATED AT 414 RIVERSIDE ROAD, OAKVIEW, CA., Defendant,
and
Louis A. Stone, Claimant-Appellant.
 No. 92-55842.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 9, 1993.*
Decided Jan. 10, 1994.
 
 1
 Before: FLETCHER, PREGERSON, and RYMER, Circuit Judges
 
 
 2
 MEMORANDUM**
 
 
 3
 Louis A. Stone appeals the district court's grant of summary judgment in a forfeiture action entered against real property located at 414 Riverside Road, Oakview, California. Stone, the owner of defendant property, argues that forfeiture of his property is inappropriate because he is an innocent owner and, alternatively, that the district court abused its discretion in denying his request for a continuance of the summary judgment motion. We affirm the district court's grant of summary judgment.
 
 BACKGROUND
 
 4
 On June 24, 1991, Ventura County Sheriff's Deputies searched Stone's property for evidence of marijuana cultivation. In this search, they discovered 230 marijuana plants in two gardens near Stone's home. Inside Stone's home, the deputies found a half-pound of dried marijuana, several hundred marijuana seeds, a triple beam scale, and a copy of an article from "High Times" magazine describing how to grow marijuana.
 
 
 5
 On August 2, 1991, the United States filed a complaint alleging that Stone's property was subject to forfeiture under 21 U.S.C. Sec. 881(a)(7) because it was used to cultivate marijuana in violation of federal drug laws. On August 29, 1991, Stone filed an answer in which he asserted the affirmative defense that he is an "innocent owner."
 
 
 6
 On January 2, 1992, the district court ordered that discovery be completed on May 4, 1992 and that all motions be filed by June 22, 1992. On May 12, 1992, after the period for discovery had ended, the government filed a motion for summary judgment. Stone's opposition motion was due on May 26, 1992.[1] Stone did not file opposition papers, but on June 2, 1992, he filed a "Notice of Opposition to Motion for Summary Judgment and Request for a Continuance."
 
 
 7
 On June 8, 1992, the district court denied Stone's request for a continuance and granted summary judgment for the government. The final judgment was entered June 15, 1992 and Stone timely appealed on June 24, 1992. The district court had jurisdiction pursuant to 28 U.S.C. Sec. 1345 and 21 U.S.C. Sec. 881. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291.
 
 STANDARD OF REVIEW
 
 8
 A grant of summary judgment is reviewed de novo. Jones v. Union Pac. R., 968 F.2d 937, 940 (9th Cir.1992); T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 629 (9th Cir.1987). We must determine, viewing the evidence in the light most favorable to the nonmoving party, whether there are any genuine issues of material fact and whether the district court correctly applied the relevant substantive law. Federal Deposit Ins. Corp. v. O'Melveny & Meyers, 969 F.2d 744, 747 (9th Cir.1992).
 
 
 9
 A district court's refusal to permit further discovery pursuant to Rule 56(f) is reviewed for abuse of discretion. Harris v. Duty Free Shoppers Ltd. Partnership, 940 F.2d 1272, 1276 (9th Cir.1991). A district court's determination of whether neglect is "excusable" under Rule 6(b)(2) is reviewed for abuse of discretion. Davidson v. Keenan, 740 F.2d 129, 132 (2d Cir.1984).
 
 DISCUSSION
 
 10
 I. Evidence regarding whether Stone was an "innocent owner"
 
 
 11
 Section 881(a)(7) permits the government to seize real property that is used to commit a violation of specified federal drug laws. 21 U.S.C. Sec. 881(a)(7) (West Supp.1993). However, the government may not seize the property of an owner who has no knowledge that his property is being used to violate drug laws. 21 U.S.C. Sec. 881(a)(7) (West Supp.1993).[2]
 
 
 12
 To justify a forfeiture under Sec. 881(a), the government must establish probable cause to believe that the property was used to facilitate a violation of Sec. 881(a)(1). United States v. $125,300 United States Currency, 882 F.2d 417, 418 (9th Cir.1989), cert. denied, 497 U.S. 1005 (1990); United States v. One Parcel of Real Property, 904 F.2d 487, 490-91 (9th Cir.1990). Once the government shows probable cause that the defendant property qualifies for forfeiture, the burden shifts to the party defending the property to show by a preponderance of the evidence that the property is not subject to forfeiture either because it was not involved in a Sec. 881 violation or because the defending party is an "innocent owner". $125,300 United States Currency, 882 F.2d at 419. To establish innocent ownership, the claimant must prove that "he neither knew of nor consented to the illegal activity on which the forfeiture action is based." United States v. Real Property Located at Section 18, 976 F.2d 515, 520 (9th Cir.1992); United States v. One Parcel of Land, 902 F.2d 1443, 1445 (9th Cir.1990). Our circuit has also suggested that willful blindness to the illegal activity will be equated with knowledge. United States v. 1980 Red Ferrari, 827 F.2d 477, 480 (9th Cir.1987); United States v. All Monies in Account No. 90-3617-3, 754 F.Supp. 1467, 1477 (D.Haw.1991).
 
 
 13
 By demonstrating that 230 marijuana plants were found on the defendant property, the government met its burden of establishing probable cause to believe that the property was used to facilitate illegal drug activities. Stone has not attempted to rebut this showing, but instead relies on the innocent owner defense.
 
 
 14
 Stone argues that it was improper for the district court to grant summary judgment because there is a genuine issue of material fact with respect to his state of knowledge. Because a determination of state of mind usually entails drawing factual inferences, and because a summary judgment motion requires that the court view the evidence in the light most favorable to the nonmoving party, summary judgment is often inappropriate in cases in which the nonmoving party's state of mind is an issue. White v. Roper, 901 F.2d 1501, 1505 (9th Cir.1990) (stating that "[w]here the defendant's intent is at issue, summary judgment is appropriate 'only if all reasonable inferences defeat the plaintiff's claims' "); Braxton-Secret v. A.H. Robins Co., 769 F.2d 528, 531 (9th Cir.1985); Simpson v. United States, 652 F.2d 831, 834 (9th Cir.1981). However, where the underlying facts are substantially undisputed, summary judgment may be appropriate where contradictory inferences cannot be drawn from such facts.[3] Braxton-Secret, 769 F.2d at 531.
 
 
 15
 Thus, in several civil forfeiture cases under Sec. 881, courts have found summary judgment to be appropriate where the government provided significant objective evidence suggesting that the claimant had actual knowledge that the property was used to facilitate illegal drug activities and where the claimant did not submit evidence to the contrary but instead relied on mere assertions of ignorance. For example, in Red Ferrari we upheld a summary judgment order where the claimant denied knowing that a Ferrari he had obtained from his girlfriend, an attorney, represented the proceeds of drug trafficking activity. 827 F.2d 477. The government presented evidence that the claimant, a private investigator, had obtained the car while assisting in the legal defense of the former owner on drug charges. At one point during the defense the claimant drove the car from Los Angeles to San Francisco, where he insured the car in the former owner's name. Id. at 479-80. We found that in light of this evidence, the claimant could have avoided knowledge that the car was connected to illegal activity "only by 'sticking his head in the sand.' " Id. at 480 (citation omitted).
 
 
 16
 The Second Circuit has also found summary judgment to be appropriate in similar circumstances. In United States v. One Parcel of Property, 985 F.2d 70 (2d Cir.1993), the court upheld summary judgment where the government had seized drug paraphernalia in the claimant's home, including materials on top of a bedroom dresser, in a jewelry box, in a dresser drawer, and on a closet floor. Id. at 73. The court found that without more factual or evidentiary support, the claimant's assertions that she had no knowledge of her husband's narcotics activities within the home were insufficient to create a genuine issue of material fact as to her knowledge. Id.; see also United States v. One Parcel of Property Located at 15 Black Ledge Drive, 897 F.2d 97, 102-03 (2d Cir.1990) (claimant's mere assertions that she had no knowledge of drug trafficking in her home insufficient to create genuine issue of material fact where government seized from common areas and master bedroom of residence, drugs, drug paraphernalia, large sums of cash, and weapons); United States v. One Single Family Residence, 683 F.Supp. 783, 791 (S.D.Fla.1988) (conclusory assertion of lack of knowledge by bail bond company with mortgage interest in home insufficient to overcome evidence that agent was present when homeowner was formally charged with possessing cocaine in his home). In these cases, the courts effectively concluded that the evidence was "so 'one-sided' that the government [was] entitled to summary judgment 'as a matter of law.' " 15 Black Ledge Drive, 897 F.2d at 102 (citing Anderson v. Liberty Lobby, 477 U.S. 242, 252 (1986)).
 
 
 17
 In contrast, mere assertions of innocence are sufficient to avoid summary judgment in those civil forfeiture actions in which there is insufficient objective evidence to support a finding that the claimant actually knew of the drug related activity. E.g., United States v. Lot 9, Block 2 of Donnybrook Place, 919 F.2d 994, 999-1000 (5th Cir.1990) (government's evidence of illegal activity in the home, including tape recordings and analysis of substances bought at home, in no way suggest that wife knew about drug related activities); United States v. 8848 South Commercial St., 757 F.Supp. 871, 885-86 (N.D.Ill.1990) (government's complaint is not sufficient objective evidence from which only possible inference is that claimants knew of illegal activity); United States v. One 1985 BMW 318i, 696 F.Supp. 336, 346 (N.D.Ill.1988) (primary evidence consists of affidavit signed by claimant's husband's co-conspirator that asserts that claimant knew of drug activity).
 
 
 18
 Given the overwhelming evidence presented by the government suggesting that Stone knew of drug activity on his property, we conclude that the grant of summary judgment was appropriate in this case. The government seized 230 marijuana plants from two gardens, both within fifty yards of Stone's home. The first garden was in a hut, within which the government found 110 marijuana plants, twenty-eight marijuana seedlings, and potting soil. The second garden was outdoors and contained 120 marijuana plants. The marijuana plants had all been recently watered. At the time of the search, a hose ran from a standpipe next to Stone's home into the second garden. The plants ranged in size from a few inches tall to four feet tall. Some of the larger plants were flowering.
 
 
 19
 In Stone's bedroom, the authorities discovered an O'Haus triple beam scale, a half-pound of marijuana, packaging materials, and a copy of an article from "High Times" on how to grow marijuana. In the living room in a drawer containing Stone's tax records was a cannister with several hundred marijuana seeds.
 
 
 20
 During the search, Albert M. Pettis, Stone's cousin, informed the authorities that Stone grew marijuana on the property and had instructed Pettis to keep away.
 
 
 21
 In their motion for summary judgment, the government submitted the declaration of Agent Mollica, an expert on marijuana cultivation. Mollica stated that based on the plant structure and heights of the plants and the fact that some were flowering, the oldest plants were at least eight weeks old and had been planted by April 29, 1991. He stated that the wide age range of plants was typical of commercial operations, which stagger their crops so that some are always ready for harvest. He also stated that triple-beam scales like the one found in Stone's bedroom are standard equipment for drug dealers.
 
 
 22
 Finally, in his deposition, Stone admitted that although he traveled a great deal, he was at home from late April to mid-May in 1991. During that time, in order to comply with Fire Department regulations that require removal of all weeds within 200 feet of any structure, he inspected vegetation and removed weeds surrounding his home. Stone also stated that he has cancer and that he used the marijuana in his home to reduce nausea.
 
 
 23
 Stone contends that he was unaware of marijuana cultivation on his property and that someone else must have grown the marijuana, possibly as an act of retaliation. He notes that he was frequently away from his home during 1991, and that he way away for a full month prior to the seizure. He also notes that many people had unlimited access to his property at that time. Finally, he notes that he has been very sick with cancer since 1989.
 
 
 24
 In summary, the evidence with respect to whether Stone knew or should have known that his property was being used for drug-related activities is so one-sided that we cannot reasonably infer that Stone was an innocent landowner. Stone has failed to provide sufficient evidence to create a genuine issue of material fact with respect to this issue. The district court's grant of summary judgment was appropriate.
 
 II. The Continuance
 
 25
 A. Federal Rule of Civil Procedure 56(f).
 
 
 26
 Under Rule 56(f), if a party cannot present by affidavit "facts essential to justify the party's opposition" to a motion for summary judgment, the district court "may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just." Fed.R.Civ.P. 56(f). " 'A Rule 56(f) motion must show how additional discovery would preclude summary judgment and why the party cannot immediately provide "specific facts" demonstrating a genuine issue of material fact.' " United States v. One 1985 Mercedes, 917 F.2d 415, 418 (9th Cir.1990) (quoting Mackey v. Pioneer Nat'l Bank, 867 F.2d 520, 524 (9th Cir.1989)).
 
 
 27
 Stone argues that the district court abused its discretion in refusing to grant him a continuance. In particular, he argues that he needed additional time to obtain affidavits from his tenants, to obtain his own medical records and an affidavit from his physician, and to obtain funds to pay for the transcript of Albert Pettis' deposition. We disagree.
 
 
 28
 With respect to the need to obtain Stone's medical records and the affidavits from Stone's tenants, Stone's claim must fail because he in no way suggests why he was unable to obtain these materials during discovery. The primary purpose of Rule 56(f) is to ensure that parties have a reasonable opportunity to prepare their case and to ensure against a premature grant of summary judgment. Price v. General Motors Corp., 931 F.2d 162, 164 (1st Cir.1991) (citing to 10A Wright, Miller & Kane, Federal Practice & Procedure Sec. 2740 (1983)). District courts will appropriately refuse to grant a continuance if the parties have not diligently pursued discovery. Hawaii Carpenters' Trust Funds v. Henry, 906 F.2d 1349 (9th Cir.1990) (no continuance where during eleven month discovery period party made one attempt to contact employees, received a response, and failed to follow up and depose the employee); United States v. Bob Stofer Oldsmobile Cadillac, 766 F.2d 1147, 1152-53 (7th Cir.1985) (denial of continuance appropriate where appellant does not seek continuance until one month after discovery cut off and fails to explain why dilatory); Landmark Dev. Corp. v. Chambers Corp., 752 F.2d 369, 372 (9th Cir.1985) (denial of continuance appropriate where appellants had reasonable access to information during ten month discovery period and failure to take depositions was due to appellants' own delay).
 
 
 29
 Stone had four months in which to conduct discovery. His tenants were known to him, and there is no evidence suggesting that they were unavailable during discovery. Stone also could have requested his own medical records at any time.
 
 
 30
 We also find Stone's argument that he lacked the funds necessary to pay for the Pettis deposition transcript unavailing. As Stone's cousin, Pettis was easily accessible to sign an affidavit in support of Stone's opposition motion.
 
 
 31
 Given these circumstances, the district court did not abuse its discretion in refusing to grant a continuance.
 
 B. Federal Rule of Civil Procedure 6(b)
 
 32
 Rule 6(b) provides that the court may order the time period for filing an opposition enlarged "upon motion made after the expiration of the specified period ... where the failure to act was the results of excusable neglect." Fed.R.Civ.P. 6(b)(2). Stone filed his request for additional time on June 2, 1992, seven days after his opposition was due.[4] Even if this motion is construed as one for an extension of time under Rule 6(b), the district court did not abuse its discretion because Stone has failed to demonstrate "excusable neglect."
 
 
 33
 A showing of excusable neglect requires the demonstration of a reasonable basis for noncompliance within the specified time period. The primary reason cited by Stone in support of an extension of time is that his attorney, Barbara Simmons, moved her offices on May 10, 1992. The government was not notified of this move and on May 12, 1992, they mailed their motion of summary judgment to Simmons' address of record. Simmons received the papers on May 21, five days before the opposition papers were due. Instead of immediately requesting an extension, he waited until the return date had passed to file the motion.
 
 
 34
 This failure to respond at all by May 26 is an error by counsel, and attorney error is an insufficient basis for a finding of excusable neglect. United States v. Roberts, 978 F.2d 17, 24 (1st Cir.1992) (stating that "mistake or inadvertance as to the meaning of a rule is not a sufficient reason to grant a belated application for more time"); Davidson, 740 F.2d at 132 (no abuse of discretion in a denial of a 6(b) motion where the appellants were aware that they would need additional time but failed to request it until after the return date had passed). The fact that counsel is a sole practitioner and has a busy schedule is also an insufficient ground to establish excusable neglect. McLaughlin v. La Grange, 662 F.2d 1385, 1387 (11th Cir.1981), cert. denied, 456 U.S. 979 (1982).
 
 
 35
 The case cited by Stone does not strongly support his claim. In Ham v. Smith, 653 F.2d 628 (D.C.Cir.1981), the D.C. Circuit found excusable neglect where an ex-prisoner did not receive the summary judgment motion until three months after it was filed because he had been released from prison and had failed to give notice of his new address. Id. However, in its ruling, the court relied on the fact that the plaintiff was pro se and was not adequately informed of the risks of failing to respond to a summary judgment motion. Id.; Eldridge v. Block, 832 F.2d 1132, 1136 (9th Cir.1987) (reading Ham as a pro se case); Jacobsen v. Filler, 790 F.2d 1362, 1368 (9th Cir. (1986)) (same). Furthermore, the plaintiff in Ham did not receive notice of the motion for summary judgment until weeks after his response was due, so it was impossible for him to file a timely response. Id.
 
 
 36
 The district court's finding of no excusable neglect was not an abuse of discretion.
 
 
 37
 We AFFIRM.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Pursuant to Local Rule 7.6 for the Central District of California, Stone's opposition papers were due fourteen days after the government filed its motion
 
 
 [2]
 Section 881(a) provides:
 The following shall be subject to forfeiture to the United States ...
 (7) All real property, including any right, title, and interest (including any leasehold interest) in the whole of any lot or tract of land and any appurtenances or improvements, which is used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, a violation of this subchapter punishable by more than one year's imprisonment, except that no property shall be forfeited under this paragraph, to the extent of an interest of an owner, by reason of any act or omission established by that owner to have been committed or omitted without the knowledge or consent of that owner.
 21 U.S.C. Sec. 881(a)(7) (West Supp.1993).
 
 
 [3]
 The government is correct in noting that under Federal Rule of Civil Procedure 56(e), a court may grant summary judgment when the party opposing summary judgment has failed to submit affidavits setting forth facts that show a genuine issue for trial. But "[w]here the evidentiary matter in support of the motion does not establish the absence of a genuine issue, summary judgment must be denied even if no opposing evidentiary matter is presented." Notes of Advisory Committee on Rules 1937 Adoption
 
 
 [4]
 Under Rule 6(b)(1), if a party moves for an enlargement of time before expiration of the originally prescribed period, the district court has wide discretion to grant such an enlargement for cause shown. Fed.R.Civ.P. 6(b)(1). Unfortunately for Stone, his attorney did not move for enlargement until after the time for filing opposition papers had passed