150 F.3d 726
 Bankr. L. Rep. P 77,736
In re Leonard CHAVIN, Debtor.
 No. 97-3085.
 United States Court of Appeals,
Seventh Circuit.
 Argued June 9, 1998.
Decided July 22, 1998.
 
 William J. Factor (argued), Seyfarth, Shaw, Fairweather & Geraldson, Chicago, IL, Eric J. Rietz, Torshen, Spreyer, Garmisa & Slobig, Chicago, IL, for Appellee.
 Thomas M. Arnett (argued), Chicago, IL, for Debtor-Appellant.
 Before POSNER, Chief Judge, and CUDAHY and ESCHBACH, Circuit Judges.
 POSNER, Chief Judge.
 
 
 1
 Leonard Chavin was petitioned into Chapter 7 bankruptcy by his creditors. On the basis of false statements and misleading omissions by Chavin in his bankruptcy schedules and other filings in the bankruptcy proceeding, the trustee in bankruptcy asked the bankruptcy judge to deny Chavin a discharge of his debts. That judge, seconded by the district judge, granted summary judgment for the trustee, finding 17 instances in which Chavin had either concealed assets "with intent to ... defraud" the creditors and the trustee, 11 U.S.C. § 727(a)(2), or "knowingly and fraudulently" made "a false oath or account" about a fact material to the bankruptcy. § 727(a)(4)(A).
 
 
 2
 Chavin does not deny the untruthfulness of the statements and of the omissions, the latter amounting to false denials. But he claims that because fraudulent intent, which both sections of the Bankruptcy Code that we have quoted require, is subjective, and thus requires proof of actual rather than merely constructive fraud, e.g., In re Agnew, 818 F.2d 1284, 1287 (7th Cir.1987); In re Miller, 39 F.3d 301, 306 (11th Cir.1994), his sworn denials that he intended to defraud his creditors or the trustee precluded the resolution of the issue on summary judgment. The trier of fact, he argues, might believe testimony by him repeating what he said in his affidavit. The district judge removed an issue of credibility from trial, and it is only in a trial, Chavin continues, that an issue of credibility can be resolved unless there is no real issue of credibility because irrefutable evidence leaves no room to doubt who is telling the truth. Since fraudulent intent is a state of mind, Chavin concludes, no irrefutable evidence could contradict a person's testimony about what that person was thinking when he said or did something. See P.H. Glatfelter Co. v. Voith, Inc., 784 F.2d 770, 774 (7th Cir.1986) ("resolution by summary judgment of the issues raised by an allegation of fraud is often difficult or impossible"); Provenz v. Miller, 102 F.3d 1478, 1479 (9th Cir.1996) ("generally, scienter should not be resolved by summary judgment").
 
 
 3
 Intent to defraud involves a material representation that you know to be false, or, what amounts to the same thing, an omission that you know will create an erroneous impression. E.g., Athey Products Corp. v. Harris Bank Roselle, 89 F.3d 430, 434 (7th Cir.1996); Marcus v. AT & T Corp., 138 F.3d 46, 63 (2d Cir.1998); Restatement (Second) of Torts § 526 (1965). Chavin concedes as he must that not caring whether some representation is true or false--the state of mind known as "reckless disregard"--is, at least for purposes of the provisions of the Bankruptcy Code governing discharge, the equivalent of knowing that the representation is false and material. In re Yonikus, 974 F.2d 901, 905 (7th Cir.1992); In re Beaubouef, 966 F.2d 174, 178 (5th Cir.1992); In re Tully, 818 F.2d 106, 111 (1st Cir.1987). Still, not caring is a state of mind too, and so might not be thought amenable to conclusive proof or disproof and so never determinable without a trial.
 
 
 4
 But that position would be too extreme. A denial of knowledge may be so utterly implausible in light of conceded or irrefutable evidence that no rational person could believe it; and if so, there is no occasion to submit the issue of knowledge to determination at a trial. Seshadri v. Kasraian, 130 F.3d 798, 801-02 (7th Cir.1997), and cases cited there; United States v. Premises Known as 717 S. Woodward St., 2 F.3d 529, 533-34 (3d Cir.1993); United States v. One Parcel of Property Located at 15 Black Ledge Drive, 897 F.2d 97, 102 (2d Cir.1990). "[F]actors other than demeanor and inflection go into the decision whether or not to believe a witness. Documents or objective evidence may contradict the witness' story; or the story itself may be so internally inconsistent or implausible on its face that a reasonable factfinder would not credit it. Where such factors are present, the court of appeals may well find clear error even in a finding purportedly based on a credibility determination." Anderson v. City of Bessemer City, 470 U.S. 564, 575, 105 S.Ct. 1504, 84 L.Ed.2d 518 (1985).
 
 
 5
 We are mindful of a line of cases that, interpreting Matsushita Electric Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986), distinguish between testimony and inference and hold that a district court may reject only the latter on grounds of implausibility. R.B. Ventures, Ltd. v. Shane, 112 F.3d 54, 58-59 (2d Cir.1997); Adams v. Metiva, 31 F.3d 375, 382 (6th Cir.1994); McLaughlin v. Liu, 849 F.2d 1205, 1207 (9th Cir.1988); Leonard v. Dixie Well Service & Supply, Inc., 828 F.2d 291, 293-94 (5th Cir.1987). These cases have been sharply criticized. Joseph Duane, "The Four Greatest Myths About Summary Judgment," 52 Wash. Lee L. Rev. 1523, 1562-76 (1995). All evidence is inferential; whether to believe a witness depends not only on an instinctual reaction to facial expression, gestures, voice pitch, and other cues to honesty, see Paul Ekman, Telling Lies: Clues to Deceit in the Marketplace, Politics, and Marriage (1985), but also on the consistency of the witness's testimony with itself, with other evidence, with common knowledge, and with the laws of nature. But whether the cases that we have just cited are right or wrong, they are at most warnings that credibility issues are to be left to the trier of fact to resolve on the basis of oral testimony except in extreme cases. The exceptional category is--exceptional. For the case to be classified as extreme, the testimony sought to be withheld from the trier of fact must be not just implausible, but utterly implausible in light of all relevant circumstances. None of the cases that we have cited denies the thoroughly orthodox proposition (see, e.g., United States v. Emerson, 128 F.3d 557, 561 (7th Cir.1997)) that the trial judge may not permit the jury to accept testimony that is contrary to a law of nature. We explained in Seshadri, and it is implicit in the passage that we quoted from the Supreme Court's decision in Anderson, that the exception for cases of utter implausibility that warrant taking an issue from a jury or other trier of fact cannot be quite so narrowly limited; it includes more than just cases of physical impossibility.
 
 
 6
 This case fits the exceptional category as we have defined it. Chavin is a mature and experienced businessman who on the eve of bankruptcy had properties worth millions of dollars. The questions that he claims not to have understood were not esoteric, and his explanations for his failure to answer them correctly are ridiculous. Here are some examples. Though president and sole shareholder of a real estate management company suggestively named Chavin Enterprises, Inc., Chavin did not list his position as president or his stock ownership in response to questions about both office and stock ownership. He claimed that the stock was worthless, but of course that was for the creditors to decide; he offered no explanation for his failure to list his office. He failed to disclose a partnership interest in commercial real estate and tried to justify the failure by saying that the partnership had been dissolved a few weeks before the bankruptcy proceeding began; but in the face of his partner's sworn denial that it had dissolved that early, Chavin was unable to substantiate his claim. He failed to disclose a valuable stock option on the preposterous ground--one he could not, as an experienced businessman, have believed--that because the option was not assignable, it had no value. He failed to disclose some $1.6 million in income, explaining that he "was wondering when the paralegal would ask me about my other earnings." And so it goes. In none of these instances, or any of the others on the list of 17 (more than 40 false statements were alleged, but the bankruptcy judge generously determined that with respect to 23 there was a genuine issue of material fact concerning Chavin's state of mind), could a reasonable person believe Chavin's stated reason for his false representation or omission. The judge was therefore right to grant summary judgment for the trustee and deny Chavin a discharge of his debts.
 
 
 7
 Because the fraud appears to have been deliberate, we are referring this case to the Department of Justice for possible prosecution of Chavin for bankruptcy fraud. See 18 U.S.C. § 152.
 
 
 8
 AFFIRMED.