**James O. QUARLES,**
**Plaintiff-Appellant,**

v.

**GENERAL MOTORS CORPORATION**
**(MOTORS HOLDING DIVISION),**
**Defendant-Appellee.**

**No. 905, Docket 84–7975.**

United States Court of Appeals,
Second Circuit.

Argued March 22, 1985.

Decided March 27, 1985.

David Rothenberg, Rochester, (Geiger & Rothenberg, Rochester, N.Y., Alexander Geiger, of counsel), for plaintiff-appellant.

Anthony R. Palermo, Rochester, N.Y., (Harter, Secrest & Emery, Rochester, N.Y., Teresa D. Johnson, Charles E. Fairfax, III, Rochester, N.Y., of counsel), for defendant-appellee.

Before KAUFMAN, MESKILL and NEWMAN, Circuit Judges.

PER CURIAM:

Until May 22, 1984, James O. Quarles was President and a Director of Jim-Sandy Chevrolet, Inc., an automobile dealership in

upstate New York. On that date, General Motors removed him from his positions, suspecting that he was involved in a scheme to defraud the dealership by receiving kickbacks from its advertising agency, and for his failure to cooperate in the maintenance of a lawsuit to recover funds improperly paid to the agency. Quarles then commenced this action in the district court, alleging that General Motors in fact had terminated him on the basis of his race, in violation of 42 U.S.C. § 1981 (1982), and that the termination was in bad faith, in violation of the Automobile Dealers' Day in Court Act, 15 U.S.C. § 1222 (1982).

Before it had served an answer, General Motors moved, pursuant to Fed.R.Civ.P. 56, for summary judgment on both counts. Lengthy affidavits and numerous exhibits were submitted by the parties. In a thorough and well-reasoned opinion, Judge Telesca granted defendant-appellee's motion, and directed that the claims be dismissed. *See* 597 F.Supp. 1037 (W.D.N.Y. 1984).

Although the record makes clear that many factual issues surrounding Quarles's termination remain unsettled, we do not believe that any such issues are material within the meaning of Rule 56. *See United States v. One Tintoretto Painting*, 691 F.2d 603 (2d Cir.1982). And it must be remembered that the mere existence of factual issues—where those issues are not material to the claims before the court—will not suffice to defeat a motion for summary judgment.

Once a moving party has made a showing that no material issues of fact are in dispute, mere conjecture or speculation by the party resisting summary judgment does not provide a basis upon which to deny the motion. *See Contemporary Mission, Inc. v. United States Postal Service*, 648 F.2d 97 (2d Cir.1981). Though "caution should be exercised in granting summary judgment where state of mind is in issue," *Flaherty v. Coughlin*, 713 F.2d 10, 13 (2d Cir.1983), we have recognized that, even in such cases, the existence of undisputed facts can provide an adequate basis for rejecting a claim of improper motivation for a defendant's action. *See Dusanenko v. Maloney*, 726 F.2d 82 (2d Cir.1984); *Markowitz v. Republic Nat'l Bank*, 651 F.2d 825 (2d Cir.1981).

In this case, the undisputed facts showed that Quarles had been implicated in the kickback scheme by the statements of other participants, that he had failed to submit promised reports concerning the allegations and that he had failed to attend a scheduled deposition in a lawsuit to recover the sums alleged to have been improperly paid. Whether or not he was in fact culpable, which GM was not obliged to prove, these objective facts justified GM's action in terminating Quarles. Finally, it is important to note that Quarles was terminated along with his partner, who is a white man. In this setting, Quarles's allegations of discriminatory intent border on the frivolous.

Accordingly, for substantially the reasons set forth by the district court, the judgment dismissing Quarles's claims is affirmed.