**Theresa KERR, Plaintiff,**

v.

**BRICKMAN HOUSE, INC., Murray Posner and Benjamin Posner, Defendants.**

**BRICKMAN HOUSE, INC., Murray Posner and Benjamin Posner, Third-party Plaintiffs,**

v.

**Dennis JUROW, Kraf & Haiman, St. Peter's Senior Citizen Group and Herbert Fynan, Third-party Defendants.**

**No. 85 Civ. 3867 (IBC).**

United States District Court, S.D. New York.

Sept. 14, 1987.

---

J. Russell Clune, P.C., Harrison, N.Y., for third-party defendant Kraf & Haimann.

Robert M. Rosen, Monticello, N.Y., for plaintiff Theresa Kerr.

Shapiro, Baines, Saasto & Shainwald, Trial Counsel to Nathan Cyperstein, Mineola, N.Y., for defendants/third-party plaintiffs Brickman House, Inc. and Posner.

Marc S. Krieg, P.C., Dix Hills, N.Y., for third-party defendant Dennis Jurow.

Raymond S. Hack, New York City, for third-party defendants St. Peter's Senior Citizen Group and Fynan.

## MEMORANDUM

IRVING BEN COOPER, District Judge.

Third-party defendants Kraf & Haiman and Dennis Jurow separately move for summary judgment pursuant to Federal Rule of Civil Procedure 56. Defendants/third-party plaintiffs Brickman House, Inc. and its principals, Murray and Benjamin Posner oppose these motions on the grounds that there are genuine issues of material fact to be decided by a jury. Plaintiff Theresa Kerr takes no position on the motions.

Third party defendants' motions for summary judgment are granted in all respects.

## STATEMENT OF FACTS

Plaintiff Theresa Kerr commenced this personal injury action May 22, 1985 against Brickman House, Inc. and its principals, Murray and Benjamin Posner. (collectively referred to hereafter as the "Hotel") On April 10, 1983 while on vacation with the St. Peter's Senior Citizens Group of New Jersey, Mrs. Kerr fell while attending mass in the Brickman House hotel. The mass was held in the nightclub area of Brickman House where a temporary altar had been erected at center stage of the nightclub. Plaintiff alleges that as she went to receive communion she fell from a one-step carpeted platform onto a hardwood floor, striking her left eye on a railing and ultimately falling to the floor, thereby injuring her left wrist.

On March 28, 1986 the Hotel moved to implead Kraf & Haiman, a construction company, and Dennis Jurow, an architect, as well as the St. Peter's Senior Citizen Group and Herbert Fynan, organizer of the Group. Third-party plaintiffs (Hotel) allege that Kraf & Haiman and Dennis Jurow, both involved in the remodeling of the Hotel, were negligent in their design and construction of the nightclub. (Third-party complaint paragraphs 24–61). We granted third-party plaintiffs' motion to implead by our order filed April 24, 1986. However the facts now before us reveal that Kraf & Haiman and Dennis Jurow were not involved in the construction or renovation of the situs of the accident.

The deposition testimony of Michael Rothman, General Manager of Brickman House, Inc. for the past thirteen years, reveals that the nightclub was built approximately twenty-five years ago and renovated approximately twelve years ago. (Deposition of Michael Rothman, January 23, 1986, pages 7–8) Mr. Rothman testified that Dennis Jurow was the architect and Kraf & Haiman the construction company employed to remodel the nightclub. The record does not indicate who was responsible for the original design and construc-

tion of the nightclub. Significantly absent from Mr. Rothman's testimony is *any* evidence that Dennis Jurow and Kraf & Haiman did renovation work on the accident situs. Indeed, when confronted with the question as to whether the railing upon which Mrs. Kerr struck her eye was part of the renovated area, Mr. Rothman admitted that it was not. (Deposition of Michael Rothman, *supra,* pg. 9)

Juxtaposed with the testimony of Michael Rothman is the testimony of both Dennis Jurow and Bertram Haiman, vice-president of Kraf & Haiman which reveals that neither third-party defendant had any responsibility whatsoever for the renovation of the accident situs. (Affidavit of Dennis Jurow sworn to May 5, 1987, page 2; Affidavit of Bertram Haiman sworn to May 14, 1987, page 3 in support of motions for summary judgment.) The affidavits presented are well-documented and persuasive. Both parties have furnished a detailed floor plan which illustrates the areas of the nightclub where they provided renovation services; the accident situs is marked on these floor plans and is clearly removed from the area where they provided services. In corroboration of their testimony movants have provided 1) a copy of a photograph of the nightclub with the accident situs clearly marked by the plaintiff (Exhibit A); 2) a floor plan of the nightclub which has been marked by an eyewitness to the accident, Mr. John Sacca as well as his sworn statement regarding the accident. (Exhibits C & D) Both the plaintiff and Mr. Sacca place the accident situs in an area removed from where the third-party defendants provided services. In addition to the floor plans furnished by movants, their affidavits reveal the following:

1) Third party defendants Kraf & Haiman and Dennis Jurow had nothing whatsoever to do with the design, specification, supply, installation, maintenance and/or repair of the lighting or wrought iron handrail upon which plaintiff injured her left eye.

2) Third party defendants Kraf & Haiman and Dennis Jurow had nothing whatsoever to do with the design, construction, renovation, repair or maintenance of the step going from the carpeted orchestra area of the nightclub onto the hardwood dance floor. Moreover, third-party defendants Kraf & Haiman and Dennis Jurow had nothing whatsoever to do with the selection, installation, design specification or maintenance of any of the lighting used to illuminate that area. (Affidavit of Bertram Haiman, vice-president of Kraf & Haiman, *supra,* pgs. 3–4, Affidavit of Dennis Jurow, *supra,* pgs. 2–3)

We note that the Hotel was not represented by counsel at the depositions of either Dennis Jurow or Bertram Haiman, held on April 8th and 9th, 1987, respectively. (Reply Affirmation, page 3) Nor did the Hotel produce any witnesses to testify on its behalf, although it had previously agreed to do so. Nowhere in the Hotel's papers in opposition do we find any excuse or explanation for its failure to appear for deposition.

## DISCUSSION

In order to sustain a motion for summary judgment, the moving party must show that there is no genuine issue of material fact between the parties and that, as a matter of law, the trier of fact must find in its favor. All ambiguities and reasonable inferences must be decided in favor of the non-moving party. (*Knight v. United States Fire Insurance Company,* 804 F.2d 9, 11 [2d Cir.1986], *cert. denied,* — U.S. ——, 107 S.Ct. 1570, 94 L.Ed.2d 762 [1987]; Fed.R.Civ.P. 56[c].) Kraf & Haiman and Dennis Jurow base their motions for summary judgment on the fact that they cannot be held liable to the Hotel because they did no work whatsoever on the area where the alleged accident occurred. The third-party defendants have presented well-documented affidavits accompanied by floor plans indicating the specific areas where the third-party defendants were involved with renovation of the nightclub. We, therefore, find that the motions for summary judgment are properly based.

In order to defend against a motion for summary judgment, the non-moving party must show that there is a material issue of fact and that the issue is genuine, i.e., triable. If the non-moving party fails to make a sufficient showing on an essential element of its case with respect to which it has the burden of proof at trial, the moving party is entitled to judgment as a matter of law. Therefore, pursuant to Federal Rule of Civil Procedure 56(e), the Hotel must present this Court with "specific facts" to show that Kraf & Haiman and Dennis Jurow did perform work in the area of the nightclub where the accident is alleged to have occurred. (*Celotex Corporation v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986); Fed.R.Civ.P. 56[e].) *This they have utterly failed to do.*

Incredibly, the only "evidence" which the Hotel has presented to oppose each of the motions for summary judgment is an affirmation by counsel for the Hotel that Michael Rothman, the general manager of the Brickman House hotel, did not make mention of any contractors or architects who were involved with the renovation of the nightclub area other than Kraf & Haiman and Dennis Jurow. The Hotel did not supply an affidavit by their client, instead preferring to rely on an affirmation by an attorney representing the Hotel. The papers presented in opposition by the Hotel are severely deficient and totally without merit. The fact that the Hotel's general manager could not recall any other architect or construction firm that may have worked on the nightclub does not refute the ample and convincing proof offered by the third-party defendants that they did not work on the accident situs. In fact, Mr. Rothman's testimony failed to provide even a scintilla of evidence that Dennis Jurow and Kraf & Haiman renovated the accident situs.

Our Circuit Court stated that "mere conjecture or speculation by the party resisting summary judgment does not provide a basis upon which to deny the motion." (*Quarles v. General Motors Corp.*, 758 F.2d 839, 840 [2d Cir.1985]) By pointing to a deficiency in the deposition of its own witness the Hotel has certainly not presented this Court with any specific facts sufficient to defeat the summary judgment motions. Furthermore, the Hotel attempts to excuse its lack of information by claiming not to have had an opportunity to review the depositions of Dennis Jurow and Bertram Haiman. However, as we noted previously, the Hotel provides absolutely no explanation for its failure to attend these depositions scheduled at its request. Moreover, the Hotel had ample opportunity to review the deposition transcripts before filing affirmations in opposition to the summary judgment motion, but failed to take the initiative to accomplish that.

The Hotel has requested that in the alternative to denying the motions for summary judgment we deny them temporarily with leave to renew so that the Hotel will have an opportunity to review the deposition transcripts of Dennis Jurow and Kraf & Haiman. In effect the Hotel is requesting that we grant a continuance.

In the event we were to grant the Hotel a continuance in regard to the motions for summary judgment we would in effect be rewarding the Hotel for its inexcusable and dilatory behavior and punishing the third-party defendants for their diligence. This we decline to do.

From the proof before us, we are satisfied that third-party defendants Dennis Jurow and Kraf & Haiman were in no respects involved in any phase of the remodeling of the accident situs.

Accordingly, each of the pending motions for summary judgment is granted in all respects.

SO ORDERED.