In re The **DREXEL BURNHAM LAMBERT GROUP, INC.,** et al., Debtors.

Stephen T. **RANGEN,** Appellant,

v.

**DREXEL BURNHAM LAMBERT INC.,** et al., Appellees.

Nos. Civ. 90–6954(MP), 93 Civ. 6238(MP). Bankruptcy No. 90 B 10421(FGC).

United States District Court, S.D. New York.

Nov. 12, 1993.

Stephen T. Rangen, pro se.

Peter Gruenberger, Howard B. Comet, Lisa Z. Lisser, Weil, Gotshal & Manges, New York City, for appellee DBL Liquidating Trust.

## *OPINION*

MILTON POLLACK, Senior District Judge:

Appeal from order of the Bankruptcy Court for the Southern District of New York, *Conrad, Bankruptcy Judge,* granting summary judgment in favor of the bankrupt, dismissing Appellant's employment-related claims. These claims were released by Appellant in an executed settlement agreement conditioned upon the procurement of a binding settlement between the bankrupt and customers of the bankrupt related to Appellant. The stipulated settlement was made shortly before Drexel's bankruptcy intervened and a check issued for the agreed consideration to the customers, but reached the bank after the bankruptcy and was rejected by the bank because of the bankruptcy stay. Appellant, in a claim filed in the bankruptcy proceedings, asserted his employment-related claims, contending that his release of said claims was fraudulently induced because Drexel had contemplated bankruptcy at the time of the settlement with him.

No evidence in support of Appellant's claim was adduced.

Affirmed.

## BACKGROUND

Pro se Appellant Stephen T. Rangen ("Rangen") was employed as a customers' representative by Appellee Drexel Burnham Lambert Inc. ("Drexel") from August 1984 until April 1988. After Rangen left Drexel's employ, Morris and Emily Miller, customers who were relatives of the Appellant, complained of the conduct of their transactions and brought arbitration proceedings against Drexel thereon. Other customers serviced by Rangen also asserted claims in arbitration. In the latter, Drexel filed crossclaims against Rangen, and Rangen responded with crossclaims against Drexel. Before resolution of any of the arbitrations, Rangen and Drexel settled their claims against each other (the "Rangen Agreement"). Rangen agreed to waive all of his personal employment-related claims against Drexel, provided that Drexel waive its claims against him and that Drexel enter into a settlement with his relatives, the Millers, in respect of their arbitration claims. On May 10, 1990, Drexel signed a settlement agreement with the Millers calling for payment to them of $265,000. On May 24, 1990, a check was drafted payable to the Millers in the amount of $265,000 by the Drexel company here involved, Drexel Burnham Lambert, Inc. On May 29, 1990, before the check was presented for payment, Drexel filed a petition for relief under Chapter 11 of the Bankruptcy Code. The bank was unable to cash the check by reason of the automatic bankruptcy stay.

The Millers had the option to repudiate their settlement with Drexel, but elected not to do so; rather, they chose to file a proof of claim in the Drexel bankruptcy on June 21, 1990 for the settlement amount of $265,000. To date, they have been paid thereon approximately $189,000 by the Bankruptcy Estate and they will continue to receive additional dividends as they become available from the bankruptcy assets.

On November 15, 1990, Rangen filed a proof of claim in the Drexel bankruptcy for $1,550,000 based on his previously asserted employment-related claims, alleging loss of clientele, property damage, loss of client records, and emotional distress deriving from his employment at Drexel. On June 17, 1993, Drexel moved for summary judgment on Rangen's proof of claim, on the grounds that Rangen had released all such claims in the Rangen Agreement. Rangen acknowledged that he *had* released his claims in the Rangen Agreement, but contended that said Agreement was fraudulently induced and thus void.

On June 17, 1993, Drexel's motion for summary judgment was granted dismissing Rangen's proof of claim. The Court held that Rangen had failed to introduce any evidence that the Rangen Agreement was fraudulently conceived or induced, and that, in the absence of such evidence, the Agreement clearly precluded Rangen's claims. On July 16, 1993, Appellant filed this appeal.

## ANALYSIS

■ Summary judgment is appropriately granted where there is no genuine issue of material fact as to any essential element of the claim. *Anderson v. Liberty Lobby,* 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). The party moving for summary judgment has the burden of establishing the absence of a genuine issue of material fact. *Id.* at 256, 106 S.Ct. at 2514. When a moving party has met this burden, the nonmoving party may not rely solely on the pleadings but by affidavits, depositions, answers to interrogatories, and admissions, must demonstrate that there is a genuine issue of material fact for trial. Fed.R.Civ.P. 56(c); *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). "Mere conjecture or speculation by the party resisting summary judgment does not provide a basis upon which to deny the motion." *Quarles v. General Motors Corp.,* 758 F.2d 839, 840 (2d Cir.1985).

Appellant admits that he released the claims which he now asserts, for good consideration flowing to himself, his sole contention being that his consent to that release was fraudulently induced. No evidence of any fraud or overreaching was offered by Appel-

lant to substantiate his claim of fraudulent inducement. Appellant's unsworn conclusory allegations and conjecture are not evidence.

 To demonstrate that a contract was fraudulently induced under either New York or California law,[1] a party must show the following elements: (1) a false representation or concealment of a material fact susceptible of knowledge, and (2) reliance thereon by the plaintiff (3) to his detriment. *See United States ex rel. Roman v. Schlesinger*, 404 F.Supp. 77, 85 (E.D.N.Y.1975) (listing elements of fraudulent inducement under New York law); *Pulver v. Avco Fin. Servs.*, 182 Cal.App.3d 622, 227 Cal.Rptr. 491, 500 (1986) (listing elements of fraudulent inducement under California law); Williston on Contracts § 1487 (3d ed. 1970) (listing elements of fraud generally). None of these three elements was demonstrated by Appellant.

Rangen has not presented any admissible evidence that Drexel falsely represented to him, or knowingly concealed from him, information concerning its financial condition. Moreover, Appellant has failed to explain how such information was material to his consent. Appellant alleges in his brief that the Millers' receipt of $265,000 was an essential element of the Rangen Agreement. By its terms, that Agreement does not bind Drexel to pay the Millers any specific sum or to pay them at any specific time. Rather, the Rangen Agreement binds Drexel to reach "a binding agreement" with the Millers and to pay them the amount agreed upon; Drexel complied with this condition by entering into a binding agreement with the Millers, who filed a proof of claim thereon against the bankruptcy estate and who have received and accepted the dividends from the bankruptcy assets due on their claim.

Under the Rangen Agreement, Appellant bargained only for Drexel's agreement to abandon its crossclaims against him in the then-pending arbitrations, and conditioned his agreement on a resolution of the claims of his relations, the Millers. Appellant himself was not to receive any money. Drexel has honored these commitments.

 Appellant's status as a pro se litigant does not spare him the essential burden of establishing that there was a genuine issue of material fact meriting trial. *See Brown v. Crawford*, 906 F.2d 667, 670 (11th Cir.1990) ("a pro se litigant does not escape the essential burden under summary judgment standards of establishing that there is a genuine issue as to a fact material to his case in order to avert summary judgment"), *cert. denied*, —— U.S. ——, 111 S.Ct. 2056, 114 L.Ed.2d 461 (1991). While pro se litigants are generally held to less stringent standards of pleading than lawyers, and some circuits have held that in certain circumstances a pro se litigant's verified complaint constitutes acceptable opposition to a motion for summary judgment, see *Neal v. Kelly*, 963 F.2d 453, 457 (D.C.Cir.1992), pro se litigants cannot be immune to summary judgment altogether. *See Jacobsen v. Filler*, 790 F.2d 1362, 1364–65 (9th Cir.1986) (granting summary judgment against pro se litigant). For the Bankruptcy Court to have denied Drexel's motion for summary judgment it would have had to accept wholesale uncorroborated, unestablished conclusory and conjectural allegations made in Appellant's briefs and memoranda of law. It did not err when it chose not to do so.

AFFIRMED.

---

**1.** It is unclear from the record whether the Rangen Agreement was formed in New York or California, and thus whether it should be governed by New York or California law.