MEMORANDUM OPINION
 

 MOTLEY, District Judge.
 

 Plaintiffs, Harish and Indira Pal, filed this legal malpractice action against defendants, Gary Sinclair (“Sinclair”) and Swift,, Popuch
 
 &
 
 Sinclair (“Swift”) on March 27, 1998. Plaintiffs, New York residents, are former clients of defendants, who represented plaintiffs in proceedings before the United States District Court in the Northern District of Illinois and in administrative proceedings before the Commodity Futures Trading Commission (“CFTC”). Defendant Swift is a law firm with offices in Chicago, Illinois. Defendant Sinclair is a named partner in the Swift law firm. Plaintiff alleges legal malpractice and fraud on the part of defendants. Defendants counterclaim for fraud and unpaid legal fees. Defendants filed a motion for summary judgment as to all of plaintiffs’ claims and as to defendants’ claim for unpaid legal fees. The court now grants defendants’ motion, dismissing plaintiffs’ claims with prejudice, and awarding the unpaid legal fees to defendants.
 

 I. BACKGROUND
 

 A. Factual Background
 

 Plaintiffs retained the defendants on June 28, 1995 on a mixed hourly fee and contingency fee basis to represent them in an action filed against plaintiffs in the United States District Court in the Northern District of Illinois. Defs.’ Mem. Supp. Summ. J. Ex. 1. The underlying action involved a commodities futures account (“the Refco Account”) held in the names of both plaintiffs, who are husband and wife. Am. Compl. 11111-7. Prior to the underlying proceedings, plaintiffs maintained a commodities account with Refco, Inc (“Refco”). Am. Compl. ¶¶ 12. In 1995, the account became undermargined and plaintiffs failed to satisfy the margin call. Pis.’ Resp. Defs.’ 56.1 Stmt. 1125.
 
 [1]
 
 Refco then liquidated the account, causing a loss to plaintiffs of approximately $1.2 million in capital and leaving a deficit balance in the Refco account of approximately $347,-787.50. Pis.’ Mem. Opp’n Summ. J. at 1. When plaintiffs failed to pay the deficit, Refco filed a breach of contract action against plaintiffs to collect the debit balance in the U.S. District Court of the Northern District of Illinois. Am. Compl. ¶ 26.
 

 Plaintiffs retained defendants to defend them in the collection suit. Am. Compl. ¶ 29. Additionally, plaintiffs asked defendants to pursue churning and wrongful liquidation claims against Refco and related parties to recover the losses resulting from the liquidation of the Refco account. Defs Mem. Supp. Summ. J. at 2. Originally, plaintiffs intended to assert their claims in an arbitration proceeding before the National Future Association (“NFA”) and attempt to stay the collection suit pending the outcome of the arbitration, or, alternatively, to remove the matters pending in federal court to the NFA and consolidate the cases. Pis.’ Resp. Defs.’ 56.1 Stmt. ¶ 30. The parties ultimately agreed that Refco would withdraw its civil complaint in the U.S. District Court and that the parties would instead bring the matters before an administrative law judge at the Commodity Futures Trading Commission (“CFTC”). Pis.’ Resp. Defs.’ 56.1 Stmt. ¶ 32; Am. Compl. ¶ 41.
 

 Defendants then filed a reparations complaint with the CFTC on plaintiffs’ behalf against respondents Refco, Reifler Trading Corporation and Bradley Reifler (“Refco, et al.”), alleging churning and high pressure sales tactics, and seeking $1.2 million
 
 *396
 
 in damages. Am. Compl. ¶¶ 37-42. The respondents, in turn, filed a counterclaim for the $347,787.50 debit balance, interest as prescribed by the customer agreement and attorney fees and costs. Am. Compl. ¶ 41.
 

 Defendants represented plaintiffs in a hearing at the CFTC on August 21, 1996. After the hearing and submission of post-hearing briefs by the parties, Administrative Law Judge George H. Painter dismissed plaintiffs’ complaint, awarded respondents the debit balance with interest and denied respondents’ counterclaim for costs and attorneys fees. Defs.’ Mem. Supp. Summ. J. Ex. B. Thereafter, plaintiffs discharged defendants and hired a new law firm to proceed with the CFTC appeal. Am. Compl. ¶ 73. On appeal, the dismissal of plaintiffs’ complaint was affirmed and the denial of attorneys’ fees and costs was reversed. Defs.’ Mem. Supp. Summ. J. Ex. C. Subsequently, plaintiffs filed this suit against defendants alleging fraud and malpractice.
 

 B. Procedural History
 

 Plaintiffs filed the complaint in this action on March 27, 1998, alleging several claims of malpractice against defendants. On April 9, 1998, plaintiffs filed an amended complaint, adding fraud claims and additional malpractice causes of action. In their amended complaint, plaintiffs invoke jurisdiction pursuant to 28 U.S.C. § 1332, alleging that there is complete diversity between plaintiffs and defendants and that the amount in controversy exceeds $100,-000.
 
 [2]
 
 On June 15, 1998, defendants filed an answer and counterclaim, alleging counterclaims for breach of contract and fraud.
 

 Defendants filed a motion for summary judgment on July 9, 1999, seeking summary judgment with respect to the entire amended complaint and the counterclaim for breach of contract. The case was transferred from Judge Wood to this court on August 28, 1999. Both parties have fully briefed the motion and have appeared before this court in a hearing. In accordance with the discussion below, the court hereby grants defendants’ motion for summary judgment, dismissing plaintiffs’ claims with prejudice and ordering plaintiffs to repay legal fees owed to defendants.
 

 II. ANALYSIS
 

 A. Summary Judgment Standard
 

 Summary judgment is instrument which allows a court to “[sjtreamline the process for terminating frivolous claims and to concentrate its resources on meritorious litigation.” W.A
 
 Knight v. U.S. Fire Insurance Co.,
 
 804 F.2d 9, 12 (2d Cir.1986). Rule 56 of the Federal Rules of Civil Procedure provides that summary judgment is proper where “[t]he pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.” Fed.R.Civ.P. 56(c);
 
 See Celotex Corp. v. Catrett, 477
 
 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986);
 
 Lipton v. Nature Company,
 
 71 F.3d 464, 468 (2d Cir.1995). A genuine issue of material fact is present if the fact “[w]ill affect the outcome of the suit under governing law” and the supporting evidence is “[s]uch that a reasonable jury could return a verdict for the nonmoving party.”
 
 Anderson v. Liberty Lobby, Inc., 477
 
 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)Accordingly, “[t]he mere existence of factual issues — where those issues are not material to the claims before the court — will not suffice to defeat a motion for summary judgment.”
 
 Quarles v. General Motors Corp.,
 
 758 F.2d 839, 840 (2d Cir.1985).
 

 
 *397
 
 The party seeking summary judgment “[ajlways bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of ‘the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any,’ which it believes demonstrate the absence of a genuine issue of material fact.”
 
 Celotex Corp. v. Catrett,
 
 477 U.S. at 323, 106 S.Ct. 2548;
 
 See Gallo v. Prudential Residential Services,
 
 22 F.3d 1219 (2d Cir.1994). Where the nonmoving party bears the ultimate burden of proof at trial, the motion may be rebutted by “[d]esignat[ing] ‘specific facts showing that there is a genuine issue for trial.’ ”
 
 Celotex Corp. v. Catrett,
 
 477 U.S. at 324, 106 S.Ct. 2548 (quoting Fed. R.Civ.P. 56(e));
 
 See Anderson v. Liberty Lobby, Inc.,
 
 477 U.S. at 250, 106 S.Ct. 2505;
 
 Gibson v. American Broadcasting Companies,
 
 892 F.2d 1128, 1132 (2d Cir.1989). The nonmoving party has failed to meet its burden “[wjhen no rational jury could find in favor of the nonmoving party because the evidence to support its case is so slight.”
 
 Gallo v. Prudential Residential Services,
 
 22 F.3d 1219, 1223 (2d Cir.1994).
 

 The court’s task in evaluating a summary judgment motion “[ijs not to resolve disputed issues of fact but to assess whether there are any factual issues to be tried[.j”
 
 W.A Knight v. U.S. Fire Insurance Co.,
 
 804 F.2d 9, 11 (2d Cir.1986). In doing this, however, the court must draw all reasonable inferences and resolve all ambiguities in favor of the nonmoving party.
 
 See Anderson v. Liberty Lobby,
 
 477 U.S. 242, 255, 106 S.Ct. 2505, 91 L.Ed.2d 202;
 
 Lipton,
 
 71 F.3d at 468. The court reviews defendants’ motion in keeping with these summary judgment standards.
 

 B. Plaintiffs’ Fraud Claim
 

 In their briefs, neither party addresses the question of which state’s fraud law governs this case. In diversity actions brought in federal district court, unless a federal law applies, state substantive law governs.
 
 See Erie v. Tompkins,
 
 304 U.S. 64, 78, 58 S.Ct. 817 (“Except in matters governed by the Federal Constitution or by acts of Congress, the law to be applied in any case is the law of the state.”
 
 Id.).
 
 Where a case involves a common law fraud claim, state substantive law is controlling.
 
 See e.g., Holm v. Shilensky,
 
 388 F.2d 54, FN2 (2d Cir.1968) (“[ajny questions arising out of the state-created right to recovery for fraud ... must be determined according to state law under the rule of Erie R.R. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188[.j”
 
 Id.)
 
 Since this case is a diversity action involving residents of Illinois and New York, there is a potential issue as to which state’s law is applicable. In the instant case, however, choice of law is not an issue because both states abide by the same standard for common law fraud.
 

 In both Illinois and New York, a common law fraud claim involves four basic elements: (1) a material misrepresentation of a known fact; (2) defendant’s intent to induce plaintiff to act; (3) plaintiffs reasonable reliance on the truth of the statement; and (4) damages to plaintiff resulting from reliance on defendant’s statement.
 
 See Kelly v. Sears Roebuck and, Company,
 
 308 Ill.App.3d 633, 242 Ill. Dec. 62, 720 N.E.2d 683, 692 (1999);
 
 Van Alen v. Dominick & Dominick, Inc.,
 
 441 F.Supp. 389, 402 (S.D.N.Y.1976).
 

 After examination of the evidence, the court finds that plaintiffs’ allegations do not support a rational finding in their favor on the claim of fraudulent inducement. Plaintiffs claim that defendants fraudulently induced plaintiffs to retain Mr. Sinclair and the Swift law firm. In support of this allegation, plaintiffs first allege that defendants failed to voluntarily disclose two facts: (1) that Mr. Sinclair had never tried a case before a petit jury; and (2) that Mr. Sinclair was not a member of the federal trial bar in Illinois. Secondly, plaintiffs allege that defendants induced them by offering a reduced fee arrangement, which gave plaintiffs the idea that Mr. Sinclair was particularly confident that they would
 
 *398
 
 prevail on their CFTC claims. Even considering the facts in the light most favorable to plaintiffs, no fraud claim arises from these allegations.
 

 In plaintiffs’ situation, the failure to disclose the specific jury trial experience and federal bar membership status of an individual attorney within a law firm does not constitute a false representation. Plaintiffs have presented no proof to suggest that Mr. Sinclair made any statements or misstatements in relation to his federal trial bar membership or jury trial experience, nor have plaintiffs shown that these facts were relevant or material to the attorney-client relationship.
 

 The omissions cited by plaintiffs were not particularly relevant to plaintiffs’ case because of the forum where the case was to be heard. Both parties agree that plaintiffs initially intended to proceed before the NFA, which conducts matters before an Arbitration Panel, not a jury. Ultimately, the matter was handled before the CFTC, where an Administrative Law Judge presided over the matter. Neither forum calls any proceedings before a petit jury. Furthermore, the case had only minimal involvement with the federal district court. To the extent that Mr. Sinclair did represent them in the federal court, his bar admission authorized him to do so and there were no proceedings involving a jury.
 

 Plaintiffs complaints regarding the omissions are also immaterial because Mr. Sinclair, both individually and as a member of the Swift law firm, was qualified to handle plaintiffs’ ease regardless of the federal bar membership or his jury trial experience. Membership in the federal trial bar is not required for appearances in the district court of the Northern District of Illinois.
 
 See
 
 Rule 3.01 of the Local Rules of the United States District Court for the Northern District of Illinois. The parties do not dispute that Mr. Sinclair was admitted to practice law in Illinois. Moreover, plaintiffs admit that Mr. Sinclair has experience in the field of commodities futures trading. Pis.’ Mem. Opp’n Summ. J. at 4. According to these facts, Mr. Sinclair did not misrepresent his ability to represent the plaintiffs on his, own. Furthermore, because Mr. Sinclair was a member of a law firm, he was free to consult with and seek the assistance of any member of the firm. At all times relevant to plaintiffs’ claim, there were other members of the firm who were admitted to the federal trial bar and who were capable in assisting Mr. Sinclair in a jury trial. Defs.’ Mem. Supp. Summ. J. at 5.
 

 Plaintiffs’ second claim, that the fee arrangement constituted a misrepresentation that defendants were confident that plaintiffs would prevail on their claim is untenable. A lawyer’s fee, whether reduced or inflated, does not purchase a specific outcome in a case. The suggestion that a reduced or mixed fee can serve as the equivalent to a guarantee in the outcome of a case is absurd. It is true, the fee arrangement between plaintiffs and defendants included both a contingency fee and an hourly fee. Plaintiffs claim that defendants marketed this as the reduced fee. Indeed, it was the standard fee arrangement in the community. Am. Compl. ¶ 19. Plaintiffs do not point to any assertion of defendants which reflect any guarantees or predictions associated with this fee. Instead, plaintiffs claim that the fee arrangement “[w]as viewed by the Pals as an expression of Mr. Sinclair’s confidence that they would prevail at the CFTC hearing.” Pis.’ Mem. Opp’n Summ. J. at 4. Plaintiffs’ perceptions of words or acts of the defendants are, without more, insufficient to satisfy the elements of a fraud claim.
 

 Plaintiffs have failed to present facts to support the required elements of a fraud claim and have pointed to no genuine issues for trial on the issue. None of the acts alleged by plaintiffs satisfy even the first element of a fraud claim — material false representation. Therefore, the court
 
 *399
 
 grants summary judgment to defendant as to plaintiffs’ causes of action for fraud.
 

 C. Plaintiffs’ Malpractice Claim
 

 As with the common law fraud claim, the legal malpractice claim in this case is governed by state substantive law.
 
 See Banker v. Nighswander, Martin & Mitchell,
 
 37 F.3d 866, 870 (2d Cir.1994) (“A claim for attorney malpractice, being either in the nature of a tort or a contract action, is a matter of state substantive law.”
 
 Id.).
 
 In addition, under both New York and Illinois law, a plaintiff in a legal malpractice action must demonstrate four basic elements of the claim: (1) duty arising from an attorney-client relationship; (2) breach of the duty; (3) proximate cause establishing that “but for” the attorney’s negligence, plaintiff would have prevailed in the underlying action; and (4) actual damages.
 
 See Lucey v. Pretzel & Stouffer,
 
 301 Ill.App.3d 349, 353, 234 Ill.Dec. 612, 703 N.E.2d 473 (1998);
 
 Levine v. Lacher & Lovell-Taylor,
 
 256 A.D.2d 147, 681 N.Y.S.2d 503 (N.Y.App.Div.1998).
 

 The parties do not dispute that defendants had a duty to plaintiffs arising from their attorney-client relationship. The disputed issues in this case involve the elements of breach and causation. Plaintiffs bring their malpractice claim based on a negligence theory, alleging that defendants failed to exercise reasonable care in their legal representation of plaintiffs before the U.S. District Court and the CFTC.
 

 1. The District Court Proceeding
 

 With respect to the district court proceeding, plaintiffs have failed to establish that defendants breached any duty arising from the attorney-client relationship. Plaintiffs claim that defendants did not exercise reasonable care because they failed to file an answer and fully brief the matter before the district court. In as much as plaintiffs and their opponents in the collection suit agreed to drop the district court matter, the complained of actions do not constitute a breach of defendants’ duties to plaintiffs.
 

 As for the filing of an answer, both parties acknowledge that defendants did, in fact, file a motion to stay in lieu of an answer. As plaintiffs admit, their initial intention was either to stay the district court action or to remove the case to the NFA. Under the circumstances, the motion to stay was therefore the proper filing in the case. By filing the motion to stay the district court case, the defendants fully dispensed of their duty to represent plaintiffs before the district court.
 

 Likewise, defendants’ did not have a duty to fully brief the matter once the parties agreed to voluntarily dismiss the district court case. If anything, fully briefing the matter would have caused undue expense to plaintiffs. Considering the circumstances of the district court representation, the court finds that plaintiffs have not demonstrated a breach of duty by defendants.
 

 2. The CFTC Hearing
 

 As for the CFTC proceedings, plaintiffs allege that defendants failed to meet discovery deadlines, failed to compel discovery when necessary, failed to obtain expert testimony and failed to properly present evidence to the CFTC judge. The court finds that plaintiffs have not presented sufficient evidence in support of these allegations to satisfy all of the elements of a malpractice claim.
 

 Plaintiffs have produced sufficient evidence to support their claim that defendants breached their duty to exercise reasonable care by initially failing to cooperate with discovery requests; however, plaintiffs have not shown that this breach caused them to lose the CFTC case. In support of the allegation regarding defendants’ failure to comply with discovery deadlines, plaintiffs point to a motion that was filed by the respondents in the CFTC action, Refco. et al. Pis.’ Mem. Opp’n. Summ. J. Ex. 7. In the January 18, 1996 motion, respondents alleged that the Pals failed to comply with discovery requests and consequently sought an order compel
 
 *400
 
 ling compliance, sanctioning the Pals and extending the time for completion of discovery.
 
 See Id.
 
 In a January 31, 1996 order, Administrative Law Judge Painter extended the discovery deadlines- and ordered Mr. Sinclair to initiate a telephone conference with respondents counsel in order to resolve the discovery disputes.
 
 See Id.
 
 Based on these evidentiary offerings, a factfinder could reasonably determine that defendants failed to exercise reasonable care with respect to compliance with discovery requests. Certainly, an attorney has a duty to fully cooperate in the discovery process on behalf of the client. However, without more, a jury would have no basis for finding that “but for” this breach, plaintiffs would have won the CFTC case.
 

 The failure to promptly respond to discovery requests did not have an irreparable impact on the outcome of the case. The plaintiffs lost their case because the Administrative Law Judge found that plaintiffs did not prove their claims, holding that, “[cjomplainants have failed to establish by the preponderance of the evidence that they sustained monetary damages by reason of unlawful conduct on the part of respondents^]” and finding that, “Refco is clearly entitled to judgment for the debit balance[.]” Defs.’ Mem. Supp. Summ. J. Ex. B. Defendants’ timely response to discovery requests would not have altered this outcome. Therefore, with respect plaintiffs’ complaint that defendants inadequately responded to discovery, plaintiffs’ malpractice claim fails as a matter of law because they have not produced any evidence showing that the breach caused plaintiffs to lose the CFTC case.
 

 Plaintiffs next claim is that defendants failed to compel discovery to obtain materials that were required to prosecute plaintiffs’ claim. Plaintiffs, however, have failed to point to any specific evidence in support of this allegation. Plaintiffs claim that defendants failed to compel production of tapes of conversations between the brokers and Mr. Pal which would have bolstered plaintiffs churning claim. Instead of pointing to specific evidence showing that such tapes actually existed, plaintiffs simply argue that defendants failed to obtain tapes “[w]hich Mr. Pal could have heard and from which he could have selected those which corroborated the existence of the pressure he felt was being applied.” Pis.’ Mem. Opp’n Summ. J. at 8. This argument is based on pure speculation and conjecture. “The party bearing the burden of proof ... has no right to take the case to jury if a favorable verdict could only be the product of ‘surmise, speculation, and conjecture.’ ”
 
 Lane Capital Management, Inc. v. Lane Capital Management, Inc.,
 
 192 F.3d 337, 346 (2d Cir.1999) (quoting
 
 Calvert v. Katy Taxi, Inc.,
 
 413 F.2d 841, 844 (2d Cir.1969)). Plaintiffs have not submitted any concrete evidence to support their allegation that defendants faded to obtain vital discovery materials. Hence, plaintiffs have failed to sufficiently support their claim that defendants breached their duty by failing to compel discovery in the CFTC case.
 

 Plaintiffs also allege that defendants failed to retain an expert in a timely manner. Plaintiffs do not present any evidence or specific facts in support of this claim; rather, plaintiffs simply assert that defendants never paid the expert. The question of whether defendants paid an expert is not germane to the issue of defendants’ duty to plaintiffs. Defendants have produced an affidavit from their proposed expert, Mr. Dennis Stahr. Aff. of Dennis Stahr. In the affidavit, Mr. Stahr states that defendants consulted him regarding the Pals’ case and that his opinion was contrary to the Pals’ position in the CFTC case.
 
 Id.
 
 In light of Mr. Stahr’s affidavit, defendants have shown that they did, in fact, obtain an expert in a timely manner. The absence of billing entries showing payment to Mr. Stahr does not invalidate defendants show of proof. Plaintiffs’ unfounded claim that defendants failed to obtain an expert is insufficient to support a rational finding in their favor;
 
 *401
 
 thus, this claim does not survive summary judgment.
 

 Finally, plaintiffs’ allege that defendants failed to point out specific selections from account statements which would have proved plaintiffs’ churning claim. The court finds that this claim is also baseless and unsupported by the facts. Neither party disputes the fact that defendants offered relevant account statements into evidence. Plaintiffs have not pointed to any evidence showing that defendants failed to single out sections of the account statements or that this failure affected the outcome of the case. A factfinder would have no basis for concluding that defendant committed a breach based on these unsupported allegations. Hence, plaintiffs’ have presented no genuine issue of material fact to preclude summary judgment on any of their malpractice claims.
 

 D. Defendants’ Counterclaim for Unpaid Legal Fees
 

 Defendant seeks summary judgment with respect to their claim for recovery of unpaid legal fees. The court finds that defendants are entitled to the outstanding-fees. Both parties admit that a contract for legal services exists and that there is an outstanding bill for legal services provided by defendants. Because the court has determined that defendants have not committed malpractice, plaintiffs are obligated to pay for legal services rendered. Accordingly, within thirty days of the filing of this ruling, defendants shall submit an accounting detailing the charges to plaintiffs and specifying the total amount due. Plaintiffs will have thirty days to respond.
 

 III. CONCLUSION
 

 For the foregoing reasons, defendants’ motion for summary judgment is granted as to all of plaintiffs claims and as to Count I of defendants’ counterclaims. Plaintiffs action is hereby dismissed in its entirety with prejudice.
 

 [1]
 

 . All references to Plaintiffs’ Responses to Defendants’ Rule 56.1 Statement (“Pis.’ Resp. Defs.' 56.1 Stmt.”) incorporate both the de-i'endants’ statements and the plaintiffs’ responses to the statements.
 

 [2]
 

 . Plaintiffs are husband and wife and reside in the state of New York. Am. Compl. H 6. Defendant Swift is a law firm with offices located in Illinois. Am. Compl. ¶ 8. Defendant Sinclair is a partner at the Swift law firm. Am. Compl. ¶¶ 3, 8 Neither defendant has alleged residence in the state of New York.