Yolanda PALOMO, Monisha Harrell and Danielle Pow, Plaintiffs–Appellants,

v.

TRUSTEES OF COLUMBIA UNIVERSITY IN THE CITY OF NEW YORK, Ethan Hanabury, and Jaki Sitterle, Defendants–Appellees.

No. 05–4563.

United States Court of Appeals, Second Circuit.

March 10, 2006.

Scott B. Gilly, Thompson, Wigdor & Gilly LLP, New York, NY, for Plaintiffs–Appellants.

Edward A. Brill, Proskauer Rose LLP, New York, N.Y. (Susan D. Friedfel, on the brief), for Defendants–Appellees.

Present: Hon. PIERRE N. LEVAL, Hon. ROBERT A. KATZMANN, and Hon. REENA RAGGI, Circuit Judges.

**SUMMARY ORDER**

ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, AD-JUDGED, AND DECREED that the judgment of the district court is **AFFIRMED**.

Plaintiffs-appellants Yolanda Palomo, Monisha Harrell, and Danielle Pow appeal from the judgment of the United States District Court for the Southern District of New York (Cote, *J.*) granting the defendants-appellees' motion for summary judgment on all of the claims against them.

■ We affirm for substantially the same reasons set forth by the district court in its comprehensive and well-reasoned opinion. Palomo's pregnancy discrimination claim fails because the various incidents that she describes—the failure to reinstate her on a business trip to which she had not even asked to be reinstated; the mailing of holiday cards without her signature during her absence; the temporary reporting line change that required her to report to Sitterle (who was senior to Palomo in title and grade) rather than to Dean Hanabury himself; the criticism regarding her effort level; and the addition of several new responsibilities to her job description in connection with a larger restructuring—do not, individually or collectively, rise to the level of an adverse employment action. Accordingly, Palomo could not satisfy her burden of establishing a prima facie case of discrimination. *See, e.g., Dawson v. Bumble & Bumble,* 398 F.3d 211, 216 (2d Cir.2005) (stating that to establish a prima facie case of discrimination, a plaintiff must show that (1) she is a member of a protected class; (2) she is performing her duties satisfactorily; (3) she suffered an adverse employment action; and (4) the action occurred under circumstances giving rise to an inference of discrimination based on her membership in the protected class); *Fairbrother v. Morrison,* 412 F.3d 39, 56 (2d Cir.2005) (defining "adverse employment action" as a " 'materially adverse change' in terms and conditions of employment,"

and stating that "such an action is one which is more disruptive than a mere inconvenience or alteration of job responsibilities" (quotation marks omitted)).

■ Palomo's retaliation claim fails because, even if we were to assume *arguendo* that she had made out a *prima facie* case of unlawful retaliation, she has not rebutted Columbia's proffer that any changes in the duties Palomo was asked to perform were either the result of a departmental restructuring or non-discriminatory responses to the quality of her work. *See, e.g., Jute v. Hamilton Sundstrand Corp.,* 420 F.3d 166, 173 (2d Cir.2005).

Palomo's hostile work environment and constructive discharge claims fail because she cannot show that the workplace was "permeated with discriminatory intimidation, ridicule, and insult that [was] sufficiently pervasive to alter the conditions of [her] employment," as required for a hostile work environment claim, *see Brennan v. Metro. Opera Ass'n, Inc.,* 192 F.3d 310, 318 (2d Cir.1999) (internal quotation marks omitted), or that her working conditions were "so difficult or unpleasant that a reasonable person in [her] shoes would have felt compelled to resign," as required for a constructive discharge claim, *see Chertkova v. Conn. Gen. Life. Ins. Co.,* 92 F.3d 81, 89 (2d Cir.1996) (internal quotation marks omitted).

■ The claims brought by Harrell and Pow similarly lack merit. Their gender discrimination and hostile work environment claims fail because they have not presented evidence from which a fact-finder could reasonably find that Hanabury's actions constituted either adverse employment actions or harassment under a hostile work environment theory. Their evidence consisted primarily of testimony that Hanabury talked to them about his gay dating life (occasionally in graphic detail), and that he asked them to help him scan photographs of himself (including some that depicted him in his underwear) for his profile on a gay male dating website. We recognize that such forms of conduct, if sufficiently extreme, can violate Title VII. But there was no evidence that the conduct at issue here crossed the threshold into the realm of abusiveness.

■ Their gender discrimination and hostile work environment claims also fail because, as the district court explained, no reasonable fact-finder could conclude that Hanabury engaged in this behavior toward Harrell and Pow because they were women, rather than because he considered them his friends. Although they argue that the district court improperly credited Hanabury's testimony that he considered them to be his friends, rather than crediting their own testimony that they did not in fact view him as a friend, Harrell and Pow fail to describe any evidence upon which a reasonable fact-finder could conclude other than that Hanabury *perceived* them (albeit incorrectly) to be his friends. They acknowledge that they never disabused him of this notion, never told him that the nature of their interactions made them uncomfortable, and indeed socialized with him on occasion outside of the office. Additionally, the evidence makes clear that Hanabury engaged in this behavior with certain other male and female employees, and not with others, further confirming that he did so on the basis of whom he considered his friends rather than on the basis of gender. As such, Pow and Harrell have not set forth evidence from which a reasonable fact-finder could conclude that the complained-of actions occurred under circumstances giving rise to an inference of discrimination based on their gender (as required for their gender discrimination claims) or that they were "subjected to the hostility because of [their] membership in a protected class" (as required for their

hostile work environment claims). *See Brennan,* 192 F.3d at 318.

Pow and Harrell's constructive discharge claims were properly dismissed because there is no evidence upon which a reasonable fact-finder could conclude that their work environment was so intolerable that they were forced to resign. *See Chertkova,* 92 F.3d at 89.

■ Finally, Harrell's retaliation claim fails because she has not set forth any admissible evidence that Dean Hanabury did, in fact, refuse to let the Executive Education Department of Columbia Business School *do business with her* subsequent employer, J. Walter Thompson Specialized Communications, because she worked there. The only evidence that she has presented in support of this claim is an affidavit from her former colleague William Drawbridge, who stated solely that Hanabury "refused to permit Executive Education to do business with JWT Specialized Communications. It was clear to me that this was because Ms. Harrell worked there." Drawbridge, however, provided no explanation of the basis for his conclusion, nor any description of firsthand knowledge as to this issue. Accordingly, his affidavit amounts to mere speculation, which cannot defeat the defendants-appellants' motion for summary judgment. *See, e.g., Argus Inc. and Interphoto Corp. v. Eastman Kodak Co.,* 801 F.2d 38, 42 (2d Cir.1986) ("[M]ere conjecture or speculation by the party resisting summary judgment does not provide a basis upon which to deny the motion") (quoting *Quarles v. Gen. Motors,* 758 F.2d 839, 840 (2d Cir. 1985)). To the extent Harrell and Pow have also claimed that Hanabury retaliated against them prior to their respective resignations, they fail to show that Hanabury

had any knowledge at that time that they had engaged in protected Title VII activity. *See Gordon v. New York City Bd. of Educ.,* 232 F.3d 111, 117 (2d Cir.2000).

We have considered all of the plaintiffs-appellants' remaining arguments and find them to be without merit. The decision of the district court is therefore **AFFIRMED.**